IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CLAY CONTEE,

    Plaintiff,

    v.                               Civil Action No. 2:21-cv-01398

UNIVERSITY OF PENNSYLVANIA

    Defendant.

## UNIVERSITY OF PENNSYLVANIA'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS

Defendant The Trustees of the University of Pennsylvania ("Penn") submits this Reply Memorandum in Support of its Motion to Dismiss the Complaint of Plaintiff Clay Contee ("Plaintiff") pursuant to Fed. R. Civ. P. 12(b)(6).

**I.    Introduction**

In an attempt to save his claim under Title I of the Americans with Disabilities Act ("ADA"), Plaintiff argues that, pursuant to a decision of the National Labor Relations Board ("NLRB"), facts not pled in the Complaint establish that he is an "employee," and therefore he can assert an employment discrimination claim under the ADA. But the NLRB's decision has no applicability here. Beyond that, Plaintiff ignores the fact that the alleged indicia of employment he now asserts bear no relation to the acts of discrimination he alleges. Courts in this Circuit and in others across the country have held that students, including those who may also be employees of the educational institution, may not invoke the protection of federal employment discrimination statutes when the allegations of discrimination relate to the individual's status as a

student (i.e., academic program matters).  For these reasons and those set forth in Penn's moving brief, this Court should dismiss Plaintiff's Complaint with prejudice.

## II. Plaintiff Failed to Plead Facts in the Complaint Evidencing an Employment Relationship with Penn

In its moving brief, Penn exposed that Plaintiff's Complaint fails to plead facts to plausibly suggest he was a Penn employee.  In his response, Plaintiff asserts facts nowhere to be found in the Complaint.  *See* Plaintiff's response, p.9 (asserting that Plaintiff was a research assistant and a teaching assistant, received monthly pay stubs from Penn, and that he filed tax returns listing Penn as an employer).  Plaintiff's attempt to add facts in his response that he did not properly plead demonstrates the deficiencies in Plaintiff's Complaint. *See, e.g., Carpenter v. Wawa*, 2009 U.S. Dist. LEXIS 112509, *7 (E.D. Pa. 2009) (refusing to consider new facts and allegations added in reply to motion to dismiss) (citing *Hammond v. City of Phila.*, 2001 U.S. Dist. LEXIS 10182, *8 (E.D. Pa. 2001) (finding that new facts added in a reply to a motion to dismiss cannot be used to defeat the motion)).

Yet even if granted the opportunity to place these new allegations in the Complaint,  as discussed more fully below, Plaintiff's claim still fails, because the discriminatory acts Plaintiff asserts – the alleged denial of requested accommodations in connection with his academic program – all relate to his status as a student.  *See* Compl. ¶¶ 16, 23, 25, 28, 30, 38, 55, 56, 57 [Dkt 1]; Def's Mot. to Dismiss at 5-6 [Dkt 7].

## III. Plaintiff's Reliance on an NLRB Decision is Improper

Plaintiff relies on the NLRB decision in *Columbia University*, 364 NLRB No. 90 (2016) in support of his position that graduate teaching and research assistants are employees for purposes of employment discrimination claims under Title I of the ADA.  Plaintiff's reliance is misplaced and should be rejected by this Court for several reasons.

First, Plaintiff asks this court to defer to the NLRB, an agency without jurisdiction over his ADA claim, while simultaneously asking the court *not to defer* to the EEOC, the agency charged with interpreting and enforcing the ADA.  The EEOC examined Plaintiff's case and determined no employer-employee relationship existed for purposes of the ADA, whereas the NLRB, for obvious reasons, has not passed on (nor would it pass on) Plaintiff's status as an employee under the ADA.  If any agency determination is entitled to deference here, it is that of the EEOC, the agency charged with interpreting the statute at issue and which issued a decision based on the facts of Plaintiff's case.  Plaintiff's suggestion that this Court follow the NLRB's decision in a separate matter, under a separate statute, involving completely different issues and facts, should be rejected out of hand.

Second, the NLRB's decision in *Columbia University* has not been affirmed by any circuit court, and is not binding on this Court.  In fact, with the exception of a four year period, the NLRB's decision in *Columbia University* breaks with more than 80 years of agency precedent in which the NLRB found graduate students are *not employees*.

Third, even assuming the NLRB's decision in *Columbia University* somehow confers employment status on Plaintiff, it does not mean that Plaintiff is an employee for all purposes, including under the ADA.  Indeed, in *Columbia University*, the NLRB only recognized that graduate students may be employees within the meaning of the National Labor Relations Act ("NLRA"), for the purposes of collective bargaining over "wages, hours, and other terms and conditions of employment."  *See Trs. of Columbia Univ.*, 364 NLRB No. 90, at *34-36 (2016). Plaintiff's allegations of disability discrimination under the ADA have nothing to do with union representation or collective bargaining.  Thus, Plaintiff's reliance on *Columbia University* cannot save his ADA claim.

## IV.  Even Assuming Plaintiff is an Employee, His Title I Claims Fail as a Matter of Law

Moreover, even assuming Plaintiff was a Penn employee in some capacity, Plaintiff's Complaint still fails because his allegations of disability discrimination relate only to his role as a student and not as an employee. In this context, courts routinely refuse to extend statutory employment protections to graduate students. Indeed, to the extent there is a dual relationship, courts carefully delineate between a student's academic activities and employment activities, and only extend the protections of employment statutes to the employment relationship – not the academic one. *See Seaton v. Univ. of Pa.*, 2001 U.S. Dist. LEXIS 19780, at *23-25 (E.D. Pa. Nov. 30, 2001) (citing *Bucklen v. Rensselaer Polytechnic Inst.*, 166 F. Supp. 2d 721 (N.D.N.Y. 2001) (holding alleged discrimination in the administration of the plaintiff's doctoral examination was discrimination in academics, not employment) and *Stilley v. Univ. of Pittsburgh of the Commonwealth Sys. of Higher Educ.*, 968 F. Supp. 252 (W.D. Pa. 1996) (where plaintiff had role as student and employee, the court must look solely at the employee-employer relationship for claims brought under employment protection statute)); *see also Bakhtiari v. Lutz*, 507 F.3d 1132 (8th Cir. 2007) (finding no grounds for employment retaliation claim where alleged discriminatory activities pertained to plaintiff's status as student, not as a teaching assistant); *Cuddeback v. Fla. Bd. of Educ.*, 381 F.3d 1230 (11th Cir. 2004) (finding that courts refuse to treat students as employees under Title VII where academic requirements were central to the relationship in question).

The court's decision in *Seaton* is particularly instructive. In *Seaton*, Judge Dalzell granted the university's motion to dismiss a doctoral student's Title VII discrimination claim because the allegations did not relate to any employment relationship. The court specifically noted that the student's complaint did not suggest that the university retaliated against him as an employee, but rather, described the impact of the alleged discrimination upon his graduate

studies and degree only. *Id*. at *25 -27.[1] Much like the plaintiff in *Seaton*, Plaintiff pleads facts in his Complaint related solely to the impact of the alleged discrimination upon his graduate studies and degree program – not his alleged employment. *See* Compl. ¶28 (asserting that his GPA was not truly reflective of his academic aptitude and was greatly reduced by his disabilities); Compl. ¶ 30 (Plaintiff is concerned that his disabilities would impede his ability to stay in good academic standing); Compl. ¶ 38 (Plaintiff was unable to meet the academic requirements of his graduate program, and was therefore, dismissed); Compl. ¶ 55 (discussing Plaintiff's "academic detriment"); Compl. ¶ 56 (Plaintiff was dismissed from the program for failing to meet grade requirements); Compl. ¶ 57 ("As a result of Defendant's retaliatory actions, Plaintiff was prevented from pursuing his doctoral degree").

Therefore, just like in *Seaton*, this case is appropriate for dismissal at the motion to dismiss stage for failure to state a claim.

## V.     Conclusion

For the reasons set forth above and in Penn's moving brief, Penn respectfully requests dismissal of the Complaint, with prejudice, for failure to state a claim upon which relief can be granted.

---

[1] Notably, in *Columbia University*, the NLRB likewise recognized the separation the NLRA must maintain between employment and student issues, and that certain topics related to the graduate student's academic program are exempt from bargaining and NLRA coverage. In other words, the NLRB recognized that even if graduate students were employees under the NLRA for some purposes (e.g., collective bargaining regarding their instructional and grading duties as a teaching assistant), the NLRA would not apply to matters of academic prerogative (e.g., course content, the graduate student's grades, degree requirements). Those matters remain outside the purview of any employment relationship and any employment statute.

Dated:  June 17, 2021 */s/Meredith Swartz Dante*
Meredith S. Dante (PA I.D. No. 209119)
Rebecca A. Leaf (PA I.D. No. 325589)
BALLARD SPAHR LLP
1735 MARKET STREET, 51ST FLOOR
PHILADELPHIA, PA  19103

Telephone: 215.864.8132
Facsimile:  215.864.8999
DANTEM@BALLARDSPAHR.COM
LEAFR@BALLARDSPAHR.COM