IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CLAY CONTEE,

    Plaintiff,

v.                                          Civil Action No. 2:21-cv-01398

UNIVERSITY OF PENNSYLVANIA

    Defendant.

**ANSWER AND AFFIRMATIVE DEFENSES OF THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA TO PLAINTIFF CLAY CONTEE'S COMPLAINT**

Defendant University of Pennsylvania ("Penn")[1], by and through its undersigned counsel, responds to Plaintiff Clay Contee's ("Plaintiff") Complaint as follows:

**PARTIES**

1.    Penn is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 regarding Plaintiff's home address, and therefore, denies the same. Penn denies the remaining allegations in Paragraph 1 as conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

2.    Denied as stated. Penn admits only that it is a private university with an address of 3451 Walnut Street, Ste 329, Philadelphia, PA 19104. The remaining allegations in Paragraph 2 are denied.

---

[1] Plaintiff erroneously filed the Complaint against the University of Pennsylvania; however, Penn's correct legal name is The Trustees of the University of Pennsylvania.

DMEAST #45258113 v2

3. Penn denies the allegations in Paragraph 3 as conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. Penn specifically denies that any individuals employed by Penn engaged in a pattern or practice of discriminatory treatment toward Plaintiff.

4. Penn denies the allegations in Paragraph 4 as conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. Penn specifically denies that any individual employed by Penn engaged in a pattern or practice of discriminatory treatment toward Plaintiff.

## JURISDICTION AND VENUE

5. Penn incorporates by reference the foregoing responses to Paragraphs 1 to 4 as though fully set forth herein.

6. Penn denies the allegations in Paragraph 6 as conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

7. Penn denies the allegations in Paragraph 7 as conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

8. Penn denies the allegations in Paragraph 8 as conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

9. Admitted in part and denied in part. Penn admits only that the U.S. Equal Employment Opportunity Commission ("EEOC") uploaded a Notice of Charge to the Respondent Portal on November 6, 2020, and that the EEOC issued a Dismissal and Notice of Rights regarding Plaintiff's Charge on December 30, 2020. Penn also admits that Plaintiff filed

the Complaint in this matter on March 22, 2021. Penn is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9, and therefore, denies the same..

## **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

10. Penn incorporates by reference the foregoing responses to Paragraphs 1 to 9 as though fully set forth herein.

11. Penn denies the allegations in Paragraph 11 as conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

12. Denied as stated. Penn admits only that Plaintiff's Charge of Discrimination is dated October 29, 2020 and that the EEOC uploaded a Notice of Charge to the Respondent Portal on November 6, 2020. Penn is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegation regarding the date Plaintiff filed his Charge of Discrimination, and therefore, denies the same.

13. Denied as stated. Penn admits that the EEOC issued a Dismissal and Notice of Rights regarding Plaintiff's charge of discrimination that is dated December 30, 2020. By way of further response, the Dismissal and Notice of Rights read: "No Jurisdiction – No employee/employer relationship."

14. Penn is without sufficient knowledge or information to form a belief as to the truth of the allegations asserted in Paragraph 14, and therefore, denies the same.

**FACTS**

15. Penn incorporates by reference the foregoing responses to Paragraphs 1 to 14 as though fully set forth herein.

16. Denied. By way of further explanation, Plaintiff was accepted as a student in Penn's Physics and Astronomy Graduate Program ("Program") in or around the spring of 2018.

17. Denied.

18. Penn is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18, and therefore, denies the same.

19. Penn is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19, and therefore, denies the same.

20. Admitted in part and denied in part. Penn admits only that Plaintiff met with Penn's Counseling and Psychological Services ("CAPS") while he was a student at Penn. Penn specifically denies that Plaintiff worked for Penn. Penn is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 20, and therefore, denies the same.

21. Admitted in part and denied in part. Penn admits only that Plaintiff met with Bailey Frankel, Clinical Case Manager and Therapist at CAPS. Penn is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 21, and therefore, denies the same.

22. Denied.

23. Admitted.

24. Denied.

25. Admitted.

26. Admitted in part and denied in part. Penn admits only that, on January 7, 2019, Joshua Klein sent Plaintiff a letter regarding Plaintiff's academic performance. Penn refers to the letter itself for the content, and denies the remaining allegations in paragraph 26.

27. Admitted.

28. Admitted in part and denied in part. Penn admits only that, at Plaintiff's request, Dr. Klein, Ms. Helfman, and Plaintiff met in or around late January of 2019 to discuss his academic standing. The remaining allegations in Paragraph 28 are denied.

29. Admitted in part and denied in part. Penn admits only that at the conclusion of the meeting, Dr. Klein agreed to allow Plaintiff to remain in the Program as outlined in a February 25, 2019 letter, which speaks for itself. The remaining allegations in Paragraph 29 are denied.

30. Admitted in part and denied in part. Penn admits only that on or about April 11, 2019, Lauren Rudick of Penn's Student Intervention Services, provided Plaintiff with information about Penn's Student Disabilities Service ("SDS"), applying for academic accommodations, and CAPS. The remaining allegations in Paragraph 30 are denied.

31. Denied as stated. By way of further response, on or about April 17, 2019, Plaintiff asked Dr. Klein questions about the logistics of taking a medical leave from the

Program.  Penn specifically denies that Plaintiff ever formally requested a leave from the Program.  The remaining allegations in Paragraph 31 are denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Admitted in part and denied in part.  Penn admits only that Plaintiff took his spring 2019 semester final exams and that his cumulative GPA after that semester was a 2.20.  The remaining allegations in Paragraph 36 are denied.

37.     Admitted in part and denied in part.  Penn admits only that Dr. Klein sent Plaintiff a letter dated May 31, 2019.  Penn refers to the contents of the letter, and denies the remaining allegations in Paragraph 37.

38.     Admitted in part and denied in part.  Penn admits only that Plaintiff was dismissed from the Program on January 2, 2020 and that Penn sent him a letter regarding his dismissal; the letter speaks for itself.  The remaining allegations in Paragraph 38 are denied.

39.     Admitted in part and denied in part.  Penn admits only that Plaintiff appealed his dismissal from the Program, and that his appeal was denied.  The remaining allegations in Paragraph 39 are denied.

40.     Penn is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 40, and therefore, denies the same.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

## COUNT I

47. Penn incorporates by reference the foregoing responses to Paragraphs 1 to 46 as though fully set forth herein.

48. Penn denies the allegations in Paragraph 48 as conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

49. Penn admits that Plaintiff has alleged in his Complaint that Penn violated the ADA. Penn specifically denies that Plaintiff can legally bring a claim under Title I of the ADA. The remaining allegations in Paragraph 49 are denied.

50. Denied. By way of further response, Plaintiff applied for and was approved for disability accommodations on September 25, 2018.

51. Denied.

52. Denied.

## **COUNT II**

53. Penn incorporates by reference the foregoing responses to Paragraphs 1 to 52 as though fully set forth herein.

54. Penn denies the allegations in Paragraph 54 as conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

55. Denied.

56. Denied.

57. Denied.

WHEREFORE, Penn denies that Plaintiff is entitled to the relief requested in the Complaint.

## AFFIRMATIVE DEFENSES

Penn asserts the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest with Plaintiff. Penn reserves the right to amend this Answer and assert additional Affirmative Defenses based upon information obtained during pretrial discovery in this action.

### First Affirmative Defense

Penn did not violate any duty to, or right of, Plaintiff under Title I of the Americans with Disabilities Act ("ADA"), Title III of the ADA, or any other federal or state law.

### Second Affirmative Defense

If Plaintiff suffered any damages or losses, such damages or losses were caused in whole or in part by his own acts, omissions, or conduct. In addition, if any damages have resulted, Plaintiff failed, in whole or in part, to mitigate his damages.

### Third Affirmative Defense

Plaintiff is not entitled to the damages sought in the Complaint.

### Fourth Affirmative Defense

Plaintiff has failed to state a claim upon which relief can be granted.

### Fifth Affirmative Defense

Penn's actions or inactions were not the proximate, legal, or substantial cause of any damages, injury, or loss suffered by Plaintiff, the existence of which is denied.

### Sixth Affirmative Defense

Penn acted in good faith and with due diligence towards Plaintiff.

### Seventh Affirmative Defense

Penn is not liable for acts and/or omissions of its employees that were conducted outside the scope of their employment.

### Eighth Affirmative Defense

The claims asserted in the Complaint are barred in whole or in part by the applicable statute of limitations.

### Ninth Affirmative Defense

Plaintiff does not have a "disability" within the meaning of the ADA.

### Tenth Affirmative Defense

Plaintiff is not a qualified individual with a disability under the ADA.

### Eleventh Affirmative Defense

The alleged accommodations requested by Plaintiff were not necessary or reasonable to accommodate Plaintiff's alleged disability.

### Twelfth Affirmative Defense

Plaintiff failed to engage in the appropriate process with respect to any accommodations he sought from Penn, with the exception of the requested accommodation that Penn approved on September 25, 2018.

### Thirteenth Affirmative Defense

The accommodations requested by Plaintiff would have imposed an undue burden on Penn and/or would have resulted in a fundamental alteration to the Physics and Astronomy Graduate Program.

### Fourteenth Affirmative Defense

Plaintiff could not, with reasonable accommodation, satisfy the essential prerequisites of the Physics and Astronomy Graduate Program.

**Fifteenth Affirmative Defense**

Plaintiff is not entitled to any relief because Penn's practice is, and has always been, to comply with the ADA and any related regulations or guidelines, to the extent they are applicable.

**Sixteenth Affirmative Defense**

Plaintiff was not employed by Penn.

**Seventeenth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, to the extent that the claims, remedies, or relief requested are not authorized by the ADA.

**Eighteenth Affirmative Defense**

Penn's actions or inactions were reasonably necessary for the normal operation of business.

**Nineteenth Affirmative Defense**

Plaintiff may not simultaneously recover under Title I and Title III of the ADA.

**Twentieth Affirmative Defense**

Plaintiff is not otherwise qualified to participate in the Physics and Astronomy Program.

**Twenty First Affirmative Defense**

Penn asserts every defense available to it under Title I and Title III of the ADA.

Date: July 20, 2021

Respectfully submitted,

*/s/ Meredith S. Dante*

Meredith S. Dante (No. 209119)
Rebecca A. Leaf (No. 325589)
Ballard Spahr LLP

        1735 Market St 51st floor,
        Philadelphia, PA 19103
        T: 215.655.8500

*Attorneys for Defendant The Trustees of The University of Pennsylvania*

## **CERTIFICATE OF SERVICE**

I, Rebecca A. Leaf, hereby certify that a true and correct copy of the foregoing Answer and Affirmative Defenses of Defendant The Trustees of the University of Pennsylvania to the Complaint was filed electronically on the date noted below and is available for viewing and downloading from the ECF system.


Dated:  July 20, 2021	*/s/ Rebecca A. Leaf*
　　　　　　　　　　　　　　　　Rebecca A. Leaf (PA I.D. No. 325589)
　　　　　　　　　　　　　　　　BALLARD SPAHR LLP
　　　　　　　　　　　　　　　　1735 MARKET STREET, 51ST FLOOR
　　　　　　　　　　　　　　　　PHILADELPHIA, PA  19103

　　　　　　　　　　　　　　　　Telephone: 215.864.8575
　　　　　　　　　　　　　　　　Facsimile:  215.864.8999
　　　　　　　　　　　　　　　　LEAFR@BALLARDSPAHR.COM